UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JOSEPH ARMSTRONG,
             Appellant,

      v.

DEPARTMENT OF COMMERCE,
             Agency.

DOCKET NUMBER
DC-0752-22-0621-I-1

DATE: April 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph Armstrong, Rochester, New York, pro se.

Beth Leech, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1      The appellant, a WG-10 Electrician, has filed a petition for review of the initial decision that sustained his chapter 75 removal based on charges of failure to follow supervisory instructions and inappropriate statements. On review, the appellant maintains, among other things, that he was justified in failing to follow

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

supervisory instructions because he was being harassed.[2] Petition for Review (PFR) File, Tab 4 at 5; Initial Appeal File (IAF), Tab 5 at 67, 75, 86-87.

¶2 Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the supervisor's instructions were proper and were not outweighed by any legitimate, countervailing interest in opposing harassment, we AFFIRM the initial decision.

The appellant's arguments that he was justified in failing to follow supervisory instructions are not persuasive.

¶3 The agency's failure to follow instructions charge included two specifications. IAF, Tab 25, Initial Decision (ID) at 7-11; IAF, Tab 5 at 75. The first specification concerned the appellant's failure to follow his supervisor's instructions to stop recording him with his personal cell phone while the two of

---

[2] The appellant appears to suggest, for the first time in his petition for review, that the agency also retaliated against him for his report to the Department of Homeland Security that his supervisor broke into his workspace. PFR File, Tab 1 at 6. To the extent that the appellant raises a claim of whistleblower reprisal, or reprisal based on otherwise protected, non-EEO activity, he has not shown that his argument is based on new and material evidence not previously available despite his due diligence. Thus, we decline to consider this new argument on review. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 34 n.10.

them were performing a routine repair job. IAF, Tab 5 at 71-72, 75. The appellant argued that he continued recording his supervisor despite the instructions because he believed his supervisor was harassing him. *Id.* at 67. The second specification concerned misconduct the following day when the appellant failed to follow his supervisor's instructions to accompany him to repair a light. *Id.* at 75. The appellant argued that it had been "imperative" that he speak with his second-level supervisor instead of accompanying his supervisor to the repair job because his supervisor was speaking to him in a derogatory way. *Id.* at 75, 86-87; IAF, Tab 23-1, Hearing Recording (HR) (testimony of the appellant). On review, the appellant maintains that he was justified in failing to follow his supervisor's instructions. PFR File, Tab 4 at 5.

¶4        To prove a charge of failure to follow instructions, an agency must establish that: (1) the employee was given proper instructions, and (2) the employee failed to follow the instructions. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014) (citing *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 556 (1996)). The administrative judge, citing *Smith v. Department of Transportation*, 106 M.S.P.R. 59, ¶ 17 (2007), noted that an employee's conduct is not immune from discipline merely because it touches upon concerns of discrimination. ID at 9. Concerning the first specification, he found that the appellant's harassment concerns did not excuse or justify his decisions to ignore and refuse to follow his supervisor's instructions to stop recording the interaction. *Id.* Concerning the second specification, he stated that, even if the appellant believed he was being spoken to in a derogatory way, this did not excuse his failure to follow his supervisor's instructions. ID at 11.

¶5        We modify the initial decision to provide clarification of this issue. The Board has recognized that when an employee's conduct underlying discipline involves opposition to discrimination, the Board "must balance the purpose of the statutory provisions affording protection from discrimination against Congress's equally manifest desire not to tie the hands of employers in the objective control

of personnel." *Bonanova v. Department of Education*, 49 M.S.P.R. 294, 300 (1991); *see generally* 42 U.S.C. § 2000e-3(a) (protecting an employee's right to oppose discrimination). Thus, we must consider whether the appellant had a legitimate, countervailing interest in opposing harassment that outweighed the supervisor's otherwise proper instructions to complete the job assignments.

¶6        We answer this question in the negative based on the administrative judge's thorough and well-reasoned credibility findings. The administrative judge found credible the accounts of the appellant's supervisor as well as the appellant's coworker, who witnessed the interaction related to the agency's first specification. ID at 7; IAF, Tab 11 at 79, 81. The appellant's coworker explicitly stated that the supervisor "did not threaten or pick on [the appellant] at all." IAF, Tab 5 at 81. The administrative judge also credited the supervisor's account over the appellant's account as to the second specification. ID at 12-16. He accurately noted, among other things, that the appellant was unable to identify at the hearing any specific "derogatory" things that his supervisor had said that he allegedly sought to oppose. ID at 15; HR (testimony of the appellant). We find no sufficiently sound reason for disturbing these credibility findings, which are entitled to deference. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Thus, because the appellant's allegations of harassment were not credible, we conclude that the agency's interest in having the appellant complete the assigned job duties outweighed the appellant's desire to oppose what he allegedly perceived as harassment.[3] Accordingly, we find that the supervisory instructions were proper and affirm the administrative judge's finding sustaining both specifications of this charge.

¶7        Accordingly, we affirm the initial decision as modified.

---

[3] In light of this finding, we need not determine in what circumstances an employee's right to oppose harassment would outweigh an agency's instruction to complete a job assignment.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.